IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DONTE ANTWON SHORTER,<br><br>Petitioner-Defendant. | Crim No. **17-cr-00362-PJM-1** |

**MEMORANDUM OPINION**

Petitioner Donte Antwon Shorter has filed a Motion to Vacate his Sentence under 28 U.S.C. § 2255. ECF No. 39. No hearing is necessary. *See e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motion.

### I. Background

On December 15, 2017, Shorter pled guilty to an Indictment charging him with one Count of being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No 20. On March 20, 2018, he was sentenced to a total of 72 months imprisonment, 3 years supervised release, plus a $100 special assessment. ECF No. 33.

Shorter had previously been convicted of offenses punishable by more than one year of imprisonment, which precluded him from possessing a firearm under 18 U.S.C. § 922(g). ECF No. 1. His prior convictions included, but were not limited to a robbery, in Prince George's County, for which he was sentenced to 5 years imprisonment with all but 2 years and 9 months suspended and a previous Unlawful Possession of a Firearm charge. ECF No. 31.

On June 10, 2020, Shorter filed his pending Motion to Vacate arguing that his "guilty plea under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019)." ECF No. 39 at 1. The Court disagrees.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255). The petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *United States v. Wilson*, No. CR TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)).

Under 28 U.S.C. § 2255(b), the court must hold a hearing on the motion to vacate, "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief..." *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings. Here, no hearing is necessary, and Shorter is not entitled to relief.

## III. Discussion

18 U.S.C. § 922(g) lists nine categories of individuals prohibited from possessing a firearm, including any person "who has been convicted in any court, of a crime punishable by

imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). To be found guilty of a § 922(g) offense, the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019).

Shorter argues that *Rehaif* voids his § 922(g) conviction because the Court accepted his guilty plea without advising him of the element of the offense requiring knowledge of his prohibited status under § 922(g). ECF No. 39 at 2. Thus, his plea was not entered willingly and voluntarily. *Id.*

In *Greer v. United States*, the Supreme Court held that "in felon-in-possession cases, a *Rehaif* error is not a basis for plain error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon" as defined by the nine categories listed in 18 U.S.C. § 922(g). *Greer v. United States*, 141 S.Ct. 2090, 2093 (2021). If the defendant advances such an argument, he must then also demonstrate a reasonable probability that the outcome of proceedings would have been different if the district court had advised him of the *Rehaif* knowledge-of-status requirement. *See United States v. Crite*, No. 19-4480, 2021 WL 6101830, at *1 (4th Cir. Dec. 22, 2021) (per curiam) (affirming district court determination that outcome of felon-in-possession proceedings would not have been different absent *Rehaif* error because defendant had not demonstrated that the error affected his rights and admitted he was a felon during a Rule 11 hearing).

Here, given that Shorter's criminal record, which includes a previous Unlawful Possession of Firearm, *see* ECF No. 31 ("PSR"), it is certain that he was aware of his continued status as a prohibited felon. Ultimately, he has failed to demonstrate that his guilty plea would

have changed had this Court advised him of the knowledge-of-status requirement under *Rehaif*. Thus, Shorter has not demonstrated that the Court's error affected his rights.

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The Court has considered the record and finds that Shorter has not made the requisite showing.

### Conclusion

For the foregoing reasons, Shorter's Motion to Vacate (ECF No. 39) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE**.

Date: December 15, 2022                     PETER J. MESSITTE
                                            **UNITED STATES DISTRICT JUDGE**